

# THE ATTORNEY GENERAL
## OF TEXAS

July 1, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Rene Guerra
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas   78539

Opinion No. JM-928

Re: Selection of a depos-
itory by a hospital auth-
ority (RQ-1350)

Dear Mr. Guerra:

You ask:

> 1.  If a hospital authority created by a city under the provision of TEX. REV. CIV. STAT. ANN. Art. 4437e (1976 and Supp. 1988) selects a depository different from the city under the provision of Sec. 15 of said Act, do the provisions of Chapter 105, titled Depositories for Municipal Funds, of the Texas Local Government Code apply to the hospital authority's depository?

> 2.  If so, can said depository transfer part of such authority's funds to sister banks owned by the same holding company such that all of the funds are covered by Federal Deposit Insurance, thus avoiding, under Sec. 105.037 of the Local Government Code, having to provide security for funds not so insured, as otherwise required by subchapter C of Chapter 105 of the Local Government Code?

You furnish this office with the following background information:

> The Edinburg Hospital Authority was created by the city of Edinburg under the provisions of TEX. REV. CIV. STAT. ANN. Art. 4437e (1976 and Supp. 1988). Pursuant to the provisions of Sec. 15 of said statute, the Edinburg Hospital Authority has selected a depository different from that of the City of Edinburg.   In the Authority's Depository

contract it is provided that the monies of the Authority can be used to purchase certificates of deposit in various banks affiliated with the depository bank in less than $100,000.00 increments, thus providing that at all times under the contract the Authority's funds will be provided with F.D.I.C. insurance. The designated depository has chosen to purchase certificates of deposit with the Authority's monies in the Authority's name from its affiliates under the provisions of its depository contract. There are two or more banks doing business within the city of Edinburg.

Section 15 of the Hospital Authority Act, article 4437e, V.T.C.S., provides the answer to your question:

> The Authority may select a depository or depositories according to the procedures provided by law for the selection of city depositories or it may award its depository contract to the same depository or depositories selected by the City or Cities and on the same terms. (Emphasis added.)

In other words, a hospital authority created by a city pursuant to article 4437e, V.T.C.S., need not select the same depository as the city. If, however, it chooses a different depository, it must make its selection pursuant to the procedures set out in chapter 105 of the Local Government Code.

Several provisions in chapter 105 deal with the provision of security. Section 105.014 provides:

> (a) After considering the applications, the governing body of the municipality shall select as municipal depositories one or more banks that offer the most favorable terms and conditions for the handling of the municipal funds.

> (b) The governing body may reject any of the applications and readvertise for applications.

> (c) The conflict of interests provisions of Chapter 179, Acts of the 60th Legislature, Regular Session, 1967 (Article 2529c,

Vernon's Texas Civil Statutes), apply to the selection of the depositories.

Section 105.015 provides:

(a) <u>When security is provided in accordance with Subchapter C and is approved by the governing body of the municipality, the governing body shall designate, by an order recorded in its minutes, the bank as a depository for the municipality's funds</u>.

(b) If a bank selected as a municipal depository does not provide security by the deadline prescribed by Section 105.031, the selection of the bank as a depository is void, and the governing body shall publish notice, receive applications, and select another depository in the regular manner. (Emphasis added.)

Section 105.037 provides:

A depository is not required to provide security for the deposit of municipal funds to the extent the deposits are insured under 12 U.S.C.A. Sections 1811-1832.

Your second question follows from these provisions regarding security. You restate the second question succinctly, as follows:

Assuming that the preliminary hurdle of determining whether the above-described rules apply to a hospital authority created under Article 4437e is resolved with a decision that they do apply, the unresolved issue becomes whether a designated local depository may, within the statutory rules, buy certifi- cates of deposit from non-local, non-deposit- ory banks and thus avoid the local preference and security requirements of the codified statutes governing public fund depositories.

In Attorney General Opinion JM-832 (1987), an analogous issue was presented regarding the selection and qualifica- tion of depositories for the funds of river authorities. In Attorney General Opinion JM-832 one of the questions asked was

Under article 4413(34c), can the authority enter into arrangements with members of bank holding company families which will take deposits in excess of $100,000.00 and distribute them among other members of the holding company families, so that all of the deposits are fully insured by FDIC insurance, without requiring each of the depositories to qualify in the manner provided for in county depositories?

Article 4413(34c), V.T.C.S., relates to the investment of public funds in the custody of state agencies and political subdivisions. Section 51.356 of the Water Code provides that the river authority shall select a depository in the same manner provided for the selection of a county depository. It was concluded in Attorney General Opinion JM-832 that the river authority may not arrange with a bank holding company to distribute the authority's deposits among member banks that have not qualified according to law as official depositories of the authority.

We conclude that the requirement that a hospital authority select a depository according to the procedures provided by law for the selection of a city depository set forth in section 18 of article 4437e mandates the same result. The hospital authority may not contract with a depository to transfer part of the authority's funds to sister banks owned by the same holding company that have not qualified according to subchapter C of chapter 105 of the Local Government Code.

## S U M M A R Y

The provisions of chapter 108 of the Local Government Code relating to depositories for municipal funds apply to the Edinburg Hospital Authority. The authority may not enter into a contract that allows the depository to transfer funds to sister banks owned by the same holding company that do not qualify according to law as official depositories for a municipality.

Very truly yours

JIM MATTOX
Attorney General of Texas

Honorable Rene Guerra - Page 5  (JM-928)

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General